IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Allstate Crane Rental, Inc., | ) | Case No 2:17-cv-3124-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Paramount Equipment, LLC, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 7.) For the reasons set forth below, the Motion to Transfer Venue is granted.

**I.     Background and Relevant Facts**

Defendant, Paramount Equipment, LLC, moves to transfer this contract dispute to the District of New Jersey in accordance with the forum selection clauses in the contract at issue in this dispute. Those clauses are as follows:

10. Governing Law/Location of Lawsuit/Attorneys' Fees

> a. Governing Law. This agreement shall be considered executed in and shall be construed in accordance with the laws of the State of New Jersey, without regard to conflicts of law principles.
>
> b. Venue. All matters of controversy arising hereunder that cannot be resolved by Dealer and Company by mutual agreement shall be exclusively litigated in the U.S. District Court for the District of New Jersey located in Newark, New Jersey, as appropriate, and for said purpose all parties claiming under in connection with this Agreement hereby exclusively submit to the jurisdiction of said courts. Notwithstanding the foregoing, Company, at its sole discretion, may institute suit in another court, if necessary, to obtain possession of equipment located in a state other than New Jersey.

The Continuing Guaranty portion of the agreement again incorporates forum selection language:

> 8. Each party hereto agrees that any actions or suits arising out of this Agreement shall be brought, heard and determined exclusively in the U.S. District Court for the District of New Jersey located in Newark, New Jersey, and each party hereto consents to personal and subject matter jurisdiction in such courts…

## II. Legal Standards

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 575 (2013).

However, Courts must make a threshold determination as to whether a forum selection clause is permissive or mandatory. *See BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.,* 884 F.3d 463, 471-72 (4th Cir. 2018), *as amended* (Mar. 27, 2018). If a forum selection clause is permissive, district courts must apply the traditional *forum non conveniens* analysis, evaluating both the convenience of the parties and various public-interest considerations in considering a § 1404(a) motion (or a *forum non conveniens* motion). *Id.* If a forum selection clause is mandatory, *Atlantic Marine* controls and modifies the *forum non conveniens* framework, considering public interest factors to the exclusion of the parties' private interests. *Id.* at 471.

## III. Discussion

In its response in opposition to the motion to transfer venue (Dkt. No. 14), Plaintiff advances only the thin argument that the forum selection clause at issue here is permissive, not mandatory. Plaintiff claims that because the forum selection clause includes a reference to District of New Jersey "courts" (plural) and the phrase "as appropriate," it is permissive. (Dkt. No. 14 at 3.) Plaintiff cites no legal authority in support of such a reading.

Controlling Fourth Circuit precedent indicates that the forum selection language in the parties' agreement is mandatory because it contains specific language of exclusion such as "shall be exclusively litigated" and "hereby exclusively submit to the jurisdiction of." *See BAE Sys. Tech. Sol. & Servs.*, 884 F.3d at 472 (forum selection clauses found to be mandatory provide that a particular place will be the "sole," "only," or "exclusive" forum).

## IV. Conclusion

For the reasons set forth above, the Motion to Transfer Venue (Dkt. No. 7) is GRANTED. The Clerk of court is instructed to transfer this contract dispute to the United States District Court for the District of New Jersey in Newark, New Jersey.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May ___2___, 2018
Charleston, South Carolina